UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Melisha S.,**

   **Plaintiff,**

   v.

**Commissioner of Social Security,**

   **Defendant.**

Case No. 2:23-cv-1495

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Plaintiff applied for Disability Insurance Benefits on February 18, 2016, based upon her multiple sclerosis ("MS"), atrial fibrillation, and optic neuritis. App., ECF No. 7-5 at PAGEID # 342–48; Tr. 312–18. Plaintiff's application was denied initially and on reconsideration. Dec., ECF No. 7-3 at PAGE # 227–55; Tr. 199–27. Plaintiff attended a hearing in October 2018 before an Administrative Law Judge ("ALJ"), who ultimately denied benefits. ALJ Dec., ECF No. 7-2 at PAGEID # 35–51; Tr. 8–24. After the Appeals Council refused to review the decision, Plaintiff appealed it to another judge of this Court, who remanded the case to the Social Security Administration for further proceedings because the ALJ had not followed the treating-physician rule or the good-reasons rule. Op. and Order, ECF No. 7-10 at PAGEID 1123–30; Tr. 1087–94.

On remand, Plaintiff attended a hearing before ALJ Sabrina Tilley ("ALJ Tilley"), but ALJ Tilley later retired. Hr'g Tr., ECF No. 7-9 at PAGEID # 1077–89; Tr. 1042–54. Plaintiff then attended another hearing, this time before ALJ Nathan

Brown ("ALJ Brown").  Hr'g Tr., ECF No. 7-9 at PAGEID # 1039–76; Tr. 1004–41. ALJ Brown denied Plaintiff's application, and she now appeals that denial.

In her Statement of Specific Errors, Plaintiff argues that ALJ Brown failed to adequately evaluate whether Plaintiff equaled listing 11.09 at Step Three of the five-step sequential evaluation process.  *See generally*, Stmt. Specific Errors, ECF No. 10.  Specifically, she contends ALJ Brown failed to adequately evaluate Dr. Nikerson Geneve's ("Dr. Geneve") interrogatories, in which Dr. Geneve opined that Plaintiff equaled listing 11.09 (MS).  *Id.* at 10–13.

Magistrate Judge Litkovitz issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision.  R&R, ECF No. 13.  With respect to Plaintiff's argument, the R&R recommended concluding that ALJ Brown's determination was supported by substantial evidence.  Specifically, it found "the ALJ reasonably determined [that] plaintiff's medical records fail to support impairments severe enough to be equivalent to the extreme limitation in listing 11.09(A), and even Dr. Geneve did not find any criteria equivalent to listing 11.09(B)."  R&R 13, ECF No. 13.  The R&R reviewed all the medical records Dr. Geneve cited in support of his opinion and concluded that the ALJ properly determined those records did not medically equal listing 11.09(A).

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to.  Fed. R. Civ. P. 72(b).

Plaintiff's objection essentially repeats her Statement of Specific Errors.  *Compare* Stmt.  Specific Errors, ECF No. 10 *with* Obj., ECF No. 14.  That is, the objection reiterates that ALJ Brown properly concluded Plaintiff did not *meet* each of the requirements for listing 11.09 but failed to explain how listing 11.09 was not *equaled*.

The Court disagrees.  The relevant listing here is 11.09, for MS.  To meet the MS listing, a person must show either: (A) "[d]isorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use of the upper extremities" or (B) a marked limitation in physical functioning and in either "[u]nderstanding, remembering, or applying information; or [i]nteracting with others; or [c]oncentrating, persisting, or maintaining pace; or [a]dapting or managing oneself[.]"  20 C.F.R. § 404, subpt. P, app. 1, § 11.09.

Plaintiff concedes that even though she has been diagnosed with MS, she does not *meet* listing 11.09.  *See* 20 C.F.R. § 404.125(d) ("Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis.  To meet the requirements of a listing, you must have a medically determinable impairment(s) that satisfies all of the criteria in the listing.").

Rather, she contends she *equals* listing 11.09. Indeed, people with an impairment described in a listing but who do not satisfy all of the criteria for that listing might be medically *equivalent* to the listing. On that score, the regulations state:

> (1)(i) If you have an impairment that is described in appendix 1, but—
>
> (A) You do not exhibit one or more of the findings specified in the particular listing, or
>
> (B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,
>
> (ii) We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

20 C.F.R. § 404.1526(b). Thus, the question is whether ALJ Brown adequately evaluated whether Plaintiff's MS medically equaled Listing 11.09 under this standard.

Plaintiff offers no argument that she medically equaled listing 11.09(B), and her contentions support only the theory that she medically equaled listing 11.09(A). Accordingly, the Court focuses on whether Plaintiff showed that she has "other findings related to [her] impairment that are at least of equal medical significance" to an extreme limitation in the ability to stand from a seated position, balance while standing or walking, or use her upper extremities. *See* 20 C.F.R. § 404.1526(b); 20 C.F.R. § 404, subpt. P, app. 1, § 11.09(A).

Again, Plaintiff makes no argument that her limitations were medically equivalent to an extreme limitation in the ability to stand from a seated position or use her upper extremities. So, the Court focuses only on whether Plaintiff provided "other findings" related to her MS that were of equal medical significance to an extreme limitation in the ability to balance while standing or walking.

She did not. First, Plaintiff notably does not attempt to explain how the medical records cited by Dr. Geneve demonstrate that Plaintiff's impairment is medically equal to an extreme limitation in the ability to balance while standing or walking.

Second, the interrogatories state Dr. Geneve's blanket opinion that Plaintiff's impairment equals listing 11.09 but, for support, Dr. Geneve merely lists medical records; Dr. Geneve likewise does not explain how those records equate to listing 11.09(A).

Third, no such explanation is apparent from the face of the interrogatories or the medical records cited therein. For example, the cited records show that Plaintiff had "normal gait and station" on multiple occasions, was noted using a single-prong cane on several occasions, had some episodes of falling, used a walker and rollator for a period, but then was able to walk without any assistance. *See* Interrog., ECF No. 7-16 at PAGEID 1987–88. These do not support an equivalent to an "extreme" limitation. Moreover, the paragraph running from page 11 to page 12 of the ALJ's decision similarly supports his conclusion that

Plaintiff "was overwhelmingly ambulatory with a cane or without any assistance at all"—a far cry from the equivalent to an "extreme limitation." ALJ Dec. 11–12, ECF No. 7-9 at PAGEID # 1020–21 (TR 985–86).

By its plain terms, then, the medical records Dr. Geneve cited simply show that Plaintiff's ability to walk and stand was less severe than the criteria required in listing 11.09, and they point to no "other findings" related to her impairment "that are at least of equal medical significance to [those] required criteria." *See* 20 C.F.R. § 404.1526(b).  Distilled to its core, Plaintiff's argument is that the ALJ failed to adequately explain why "purely less than" is not "equal to," but it is not apparent what additional explanation ALJ Brown should have provided for that obvious proposition.

At bottom, as ALJ Brown explained, "[t]he allowance for an assistive device is not equivocal[1] [sic] to an extreme limitation."  Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.  The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

                    */s/ Michael H. Watson*
                    **MICHAEL H. WATSON, JUDGE**
                    **UNITED STATES DISTRICT COURT**

---

[1] Context shows ALJ Brown meant "equivalent".